IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION, and<br><br>APPLIED BIOSYSTEMS, LLC,<br><br>        *Plaintiffs,*<br><br>v.<br><br>BIOSEARCH TECHNOLOGIES, INC.,<br><br>        *Defendants.* | CIVIL ACTION NO. _____<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
FOR PATENT INFRINGEMENT**

Plaintiffs Life Technologies Corporation ("Life Technologies") and Applied Biosystems, LLC ("AB") file this complaint against Defendant Biosearch Technologies, Inc. ("Biosearch").

**JURISDICTION AND VENUE**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 100, *et seq*. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332 and 1338(a).

2. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and 1400(b). Plaintiffs believe and based thereon, allege, that Biosearch resides in this judicial district within the meaning of 28 U.S.C. § 1391(c), and further, that Biosearch has committed, contributed to, and/or induced acts of patent infringement in this judicial district and provides goods or services and does business in this judicial district.

## PARTIES

### A.  Life Technologies Corporation

3. Life Technologies is a Delaware corporation, with a principal place of business at 5791 Van Allen Way, Carlsbad, California 92008.

### B.  Applied Biosystems, LLC

4. AB is a Delaware limited liability corporation, with a principal place of business at 850 Lincoln Centre Drive, Foster City, California 94404.

5. AB is a wholly-owned subsidiary of Life Technologies.

6. AB is the assignee of U.S. Patent No. 5,538,848 ("the '848 Patent"), entitled "Method for Detecting Nucleic Acid Amplification Using Self-Quenching Fluorescence Probe."

7. AB is the assignee of U.S. Patent No. 5,723,591 ("the '591 Patent"), entitled "Self-Quenching Fluorescence Probe."

8. AB is the assignee of U.S. Patent No. 5,876,930 ("the '930 Patent"), entitled "Hybridization Assay Using Self-Quenching Fluorescence Probe."

9. AB is the assignee of U.S. Patent No. 6,030,787 ("the '787 Patent"), entitled "Hybridization Assay Using Self-Quenching Fluorescence Probe."

10. AB is the assignee of U.S. Patent No. 6,258,569 ("the '569 Patent"), entitled "Hybridization Assay Using Self-Quenching Fluorescence Probe."

### C.  Biosearch Technologies, Inc.

11. Upon information and belief, Biosearch is a California corporation, with its principal place of business at 81 Digital Drive, Novato, California 94949-5754.

12.     Upon information and belief, Biosearch manufactures, offers for sale and sells modified oligonucleotides for biotechnology research purposes, such as quantitative polymerase chain reaction (qPCR) assays.

13.     Upon information and belief, Biosearch manufactures, offers for sale and sells dual-labeled probes incorporating a quencher and fluorophore reporter covalently linked to the 3' or 5' ends of an oligonucleotide typically 20 to 30 bases long.  The fluorescence is released from these dual-labeled probes during the 5' exonuclease activity of Taq polymerase, which cleaves the fluorescent dye upon a probe's hybridization to its complementary sequence.

14.     Upon information and belief, Biosearch obtains revenue, at least in part, from fees charged for the manufacture and sale of dual-labeled probes incorporating a quencher and fluorophore reporter covalently linked to the 3' or 5' ends of an oligonucleotide.

## FIRST CLAIM FOR RELIEF

## INFRINGEMENT OF UNITED STATES PATENT NO. 5,538,848

15.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 14.

16.     The '848 Patent issued on July 23, 1996.  A true and correct copy of the '848 Patent is attached hereto as Exhibit A.

17.     Upon information and belief, Biosearch has directly and/or indirectly infringed, contributorily infringed, and/or actively induced infringement one or more claims of the '848 Patent, and Biosearch is continuing such infringement by practicing or causing others to practice one or more of the inventions claimed in the '848 Patent.  For example, Biosearch makes, uses, imports, sells and/or offers for sale dual-labeled probes incorporating a quencher and fluorophore reporter covalently linked to the 3' or 5' ends of an oligonucleotide that are used to monitor DNA

amplification in real-time that infringe or that are used in ways that infringe one or more claims of the '848 Patent in this district and elsewhere in the United States.

18.     On information and belief, Biosearch's infringement, contributory infringement, and/or induced infringement of one or more claims of the '848 Patent has been and continues to be willful.

19.     Plaintiffs have suffered damages as a result of Biosearch's infringement and will continue to suffer damages as a result of Biosearch's continued infringement.

20.     Biosearch has caused and will, until enjoined, continue to cause irreparable injury to Plaintiffs for which there is no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

## INFRINGEMENT OF UNITED STATES PATENT NO. 5,723,591

21.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 20.

22.     The '591 Patent issued on March 3, 1998.  A true and correct copy of the '591 Patent is attached hereto as Exhibit B.

23.     Upon information and belief, Biosearch has directly and/or indirectly infringed, contributorily infringed, and/or actively induced infringement one or more claims of the '591 Patent, and Biosearch is continuing such infringement by practicing or causing others to practice one or more of the inventions claimed in the '591 Patent.  For example, Biosearch makes, uses, imports, sells and/or offers for sale dual-labeled probes incorporating a quencher and fluorophore reporter covalently linked to the 3' or 5' ends of an oligonucleotide that are used to monitor DNA amplification in real-time that infringe or that are used in ways that infringe one or more claims of the '591 Patent in this district and elsewhere in the United States.

24. On information and belief, Biosearch's infringement of one or more claims of the '848 Patent has been and continues to be willful.

25. Plaintiffs have suffered damages as a result of Biosearch's infringement and will continue to suffer damages as a result of Biosearch's continued infringement.

26. Biosearch has caused and will, until enjoined, continue to cause irreparable injury to Plaintiffs for which there is no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

## INFRINGEMENT OF UNITED STATES PATENT NO. 5,876,930

27. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 26.

28. The '930 Patent issued on March 2, 1999. A true and correct copy of the '930 Patent is attached hereto as Exhibit C.

29. Upon information and belief, Biosearch has directly and/or indirectly infringed, contributorily infringed, and/or actively induced infringement one or more claims of the '930 Patent, and Biosearch is continuing such infringement by practicing or causing others to practice one or more of the inventions claimed in the '930 Patent. For example, Biosearch makes, uses, imports, sells and/or offers for sale dual-labeled probes incorporating a quencher and fluorophore reporter covalently linked to the 3' or 5' ends of an oligonucleotide that are used to monitor DNA amplification in real-time that infringe or that are used in ways that infringe one or more claims of the '930 Patent in this district and elsewhere in the United States.

30. On information and belief, Biosearch's infringement, contributory infringement, and/or induced infringement of one or more claims of the '930 Patent has been and continues to be willful.

31.     Plaintiffs have suffered damages as a result of Biosearch's infringement and will continue to suffer damages as a result of Biosearch's continued infringement.

32.     Biosearch has caused and will, until enjoined, continue to cause irreparable injury to Plaintiffs for which there is no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

## INFRINGEMENT OF UNITED STATES PATENT NO. 6,030,787

33.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 32.

34.     The '787 Patent issued on February 29, 2000. A true and correct copy of the '787 Patent is attached hereto as Exhibit D.

35.     Upon information and belief, Biosearch has directly and/or indirectly infringed, contributorily infringed, and/or actively induced infringement one or more claims of the '787 Patent, and Biosearch is continuing such infringement by practicing or causing others to practice one or more of the inventions claimed in the '787 Patent. For example, Biosearch makes, uses, imports, sells and/or offers for sale dual-labeled probes incorporating a quencher and fluorophore reporter covalently linked to the 3' or 5' ends of an oligonucleotide that are used to monitor DNA amplification in real-time that infringe or that are used in ways that infringe one or more claims of the '787 Patent in this district and elsewhere in the United States.

36.     On information and belief, Biosearch's infringement, contributory infringement, and/or induced infringement of one or more claims of the '787 Patent has been and continues to be willful.

37.     Plaintiffs have suffered damages as a result of Biosearch's infringement and will continue to suffer damages as a result of Biosearch's continued infringement.

38.     Biosearch has caused and will, until enjoined, continue to cause irreparable injury to Plaintiffs for which there is no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

## INFRINGEMENT OF UNITED STATES PATENT NO. 6,258,569

39.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 38.

40.     The '569 Patent issued on July 10, 2001.  A true and correct copy of the '569 Patent is attached hereto as Exhibit E.

41.     Upon information and belief, Biosearch has directly and/or indirectly infringed, contributorily infringed, and/or actively induced infringement one or more claims of the '569 Patent, and Biosearch is continuing such infringement by practicing or causing others to practice one or more of the inventions claimed in the '569 Patent.  For example, Biosearch makes, uses, imports, sells and/or offers for sale dual-labeled probes incorporating a quencher and fluorophore reporter covalently linked to the 3' or 5' ends of an oligonucleotide that are used to monitor DNA amplification in real-time that infringe or that are used in ways that infringe one or more claims of the '569 Patent in this district and elsewhere in the United States.

42.     On information and belief, Biosearch's infringement, contributory infringement, and/or induced infringement of one or more claims of the '569 Patent has been and continues to be willful.

43.     Plaintiffs have suffered damages as a result of Biosearch's infringement and will continue to suffer damages as a result of Biosearch's continued infringement.

44.     Biosearch has caused and will, until enjoined, continue to cause irreparable injury to Plaintiffs for which there is no adequate remedy at law.

## DEMAND FOR JURY TRIAL

45.     Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a jury trial on all issues triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

  a. that Biosearch has infringed the '848 Patent, the '591 Patent, the '930 Patent, the '787 Patent, and the '569 Patent;

  b. that an injunction be issued against further infringement of the '848 Patent, the '591 Patent, the '930 Patent, the '787 Patent, and the '569 Patent by Biosearch and its officers, agents, servants, employees, attorneys and all persons in active concert or participation with them;

  c. that Biosearch account and pay actual damages, but no less than a reasonable royalty, to Plaintiffs to compensate them for Biosearch's infringement of the '848 Patent, the '591 Patent, the '930 Patent, the '787 Patent, and the '569 Patent as provided by 35 U.S.C. § 284;

  d. that Biosearch pay interest and costs to Plaintiffs as provided for by 35 U.S.C. § 284;

  e. that the Court determine that Biosearch willfully infringed one or more claims of the '848 Patent, the '591 Patent, the '930 Patent, the '787 Patent, and the '569 Patent and enhance damages up to treble as provided by 35 U.S.C. § 284; and

  f. that Plaintiffs be granted such other and further relief as the Court deems just and equitable.

Date:  September 18, 2009

Respectfully submitted,

 /s/ David K. Wooten

WILLIAM B. DAWSON (State Bar No. 05606300)
VINSON & ELKINS L.L.P.
3700 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201-2975
Tel: (214) 220-7926
Fax: (214) 999-7926

TRACEY B. DAVIES (State Bar No. 24001858)
MARGARET J. SAMPSON (State Bar No. 24027953)
VINSON & ELKINS L.L.P.
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Tel  512.542.8400
Fax  512.542.8612

DAVID K. WOOTEN (State Bar No. 24033477)
VINSON & ELKINS L.L.P.
1001 Fannin Street, Suite 2500
Houston, TX 77002-6760
Tel  713-758-2095
Fax 713-615-5936

*Attorneys for Plaintiffs Life Technologies Corporation and Applied Biosystems, LLC*