IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION, and APPLIED BIOSYSTEMS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BIOSEARCH TECHNOLOGIES, INC., BIO-SYNTHESIS, INC., EUROFINS MWG OPERON INC., and THE MIDLAND CERTIFIED REAGENT COMPANY, INC.,<br><br>Defendants. | CIVIL ACTION NO. 2:09-CV-00283 TJW-CE |

### DECLARATION OF RONALD M. COOK, PH.D.

I, Ronald M. Cook, Ph.D., do hereby declare and state as follows:

1. I submit this Declaration in support of the Motion to Transfer filed by Defendant Biosearch Technologies, Inc. ("Biosearch"). I reviewed the First Amended Complaint filed against Biosearch in this matter and understand that Plaintiffs allege infringement by Biosearch of five U.S. patents by making, using, importing, selling and/or offering to sell dual labeled probes incorporating a quencher and fluorophore reporter covalently linked to the 3' or 5' ends of an oligonucleotide, which are used to monitor DNA amplification in real-time (the "Accused Products"). I have personal knowledge of the facts set forth in this Declaration, except as otherwise stated. I am competent to testify as to all matters stated, and if called upon to do so, I would testify to the facts set forth in this Declaration.

2. I am the President and Chief Executive Officer of Defendant Biosearch.

3.      Biosearch is a California corporation, headquartered at 81 Digital Drive, Novato, California, within the Northern District of California, where it maintains corporate documents and employs the personnel relevant to this action.

4.      No likely fact witnesses reside in the Eastern District of Texas, elsewhere in Texas or outside of California.  Biosearch has no connection to the Eastern District of Texas, and no source of proof with respect to Biosearch is located in this District.  Biosearch has no direct marketing business, and does not employ any sales representatives, within the State of Texas.  To the extent that any of the Accused Products are sold within the Eastern District of Texas, sales from these customers amounted to less than one percent (1%) of Biosearch's revenue in 2008.

5.      The servers, technical infrastructure and manufacturing facility associated with the Accused Products are located in Novato, California.  All of Biosearch's documents relating to the Accused Products are located in Novato, California.  All of Biosearch's electronically stored information relating to the manufacture, use and/or sale of the Accused Products is located in Novato, California.  All of the documents relating to the research, design, development, operation, marketing, advertising and sales of the Accused Products are in Novato, California.

6.      None of the equipment, documents, or electronically stored information relevant to the claims and defenses in this lawsuit is located in the Eastern District of Texas.

7.      All foreseeable Biosearch witnesses with information about the Accused Products and the claims and defenses in this lawsuit reside in the Northern District of California.  Biosearch has approximately 90 permanent employees, all of which reside in the San Francisco Bay Area.

8.      Harrison David Ransom is a former Biosearch employee who has knowledge regarding marketing of the Accused Products.  Based on my review of the exhibits attached to the

Declaration of Ahren C. Hoffman in support of the Motion to Transfer, I believe that he currently resides in or near the San Francisco Bay Area.

9. It is my understanding that Applied Biosystems LLC ("ABI") principals and persons knowledgeable about the patents-in-suit, including some of the named inventors on the patents-in-suit, reside in the State of California.

10. I am further aware that Alex Andrus is a former ABI executive who was involved with prior litigation with Biosearch and ABI's prior attempts to license some of the patents-in-suit to Biosearch. Based on my review of the exhibits attached to the Declaration of Ahren C. Hoffman in support of the Motion to Transfer, I believe that he currently resides in the San Francisco Bay Area.

11. I am further aware that Mike Hunkapiller is a former president of ABI and I believe that he has knowledge of the ongoing dispute with Biosearch, dating back before the commencement of this suit. Based on my review of the exhibits attached to the Declaration of Ahren C. Hoffman in support of the Motion to Transfer, I believe that he currently resides in the San Francisco Bay Area.

12. I am further aware that Paul D. Grossman is a former attorney for ABI and I believe that he has knowledge of the ongoing dispute with Biosearch, dating back before the commencement of this suit. Based on my review of the exhibits attached to the Declaration of Ahren C. Hoffman in support of the Motion to Transfer, I believe that he currently resides in Carlsbad, California.

13. I am further aware that Gregory Ewing is a former ABI scientist and I believe that he has knowledge of the ongoing dispute with Biosearch, dating back before the commencement of this suit. Based on my review of the exhibits attached to the Declaration of Ahren C. Hoffman in

support of the Motion to Transfer, I believe that he currently resides in the San Francisco Bay Area.

14. I am further aware that Ronald Graham is a former ABI scientist and I believe that he has knowledge of the ongoing dispute with Biosearch, dating back before the commencement of this suit. Based on my review of the exhibits attached to the Declaration of Ahren C. Hoffman in support of the Motion to Transfer, I believe that he is currently employed at Life Technologies and resides in the San Francisco Bay Area.

15. I am further aware that Eric Mayrand is a former ABI scientist and I believe that he is familiar with prior art relevant to the patents-in-suit. Based on my review of the exhibits attached to the Declaration of Ahren C. Hoffman in support of the Motion to Transfer, I believe that he currently resides in the San Francisco Bay Area.

16. I am not currently aware of any current or former employee of either Plaintiff who resides in the Eastern District of Texas.

17. I am further aware that Bob Saul was previously the Founder-Chairman of the DNA synthesis company Operon Technologies and I believe that he has knowledge of the first use of 3'5' dual labeled probes. Based on my review of the exhibits attached to the Declaration of Ahren C. Hoffman in support of the Motion to Transfer, I believe that he currently resides in the San Francisco Bay Area.

18. I am further aware that Joel Hedgpeth was previously an executive of Epoch Biosciences and I believe the he has knowledge of ABI's ongoing dispute with Biosearch, dating back before the commencement of this suit. Based on my review of the exhibits attached to the Declaration of Ahren C. Hoffman in support of the Motion to Transfer, I believe that he currently resides in the San Francisco Bay Area.

19. I am further aware that Kary Mullis is the inventor of the DNA amplification technique known as Polymerase Chain Reaction ("PCR") and is a named inventor on several ABI patents related to PCR. As such, I believe the he has knowledge of prior art relevant to the patent-in-suit. Based on my review of the exhibits attached to the Declaration of Ahren C. Hoffman in support of the Motion to Transfer, I believe that he currently resides in Corona del Mar, California.

20. I am further aware that Margaret Roy is a former scientist at Genentech, Inc. and I believe that she used the Accused Products made by Biosearch in 1998. As such, I believe that the she has knowledge of prior art relevant to the patents-in-suit. Based on my review of the exhibits attached to the Declaration of Ahren C. Hoffman in support of the Motion to Transfer, I believe that she currently resides in the San Francisco Bay Area.

21. I am further aware that Robert Watson is a former scientist at Roche and I believe that he developed prior art relevant to the patents-in-suit. Based on my review of the exhibits attached to the Declaration of Ahren C. Hoffman in support of the Motion to Transfer, I believe that he currently resides in the San Francisco Bay Area.

22. I am further aware that Paul Nelson is a former scientist at Clontech Laboratories, Inc. and I believe that he is familiar with prior art relevant to the patents-in-suit. Based on my review of the exhibits attached to the Declaration of Ahren C. Hoffman in support of the Motion to Transfer, I believe that he currently resides in the San Francisco Bay Area.

23. I am further aware that Nathan Hamilton is a former president of Operon Biotechnologies, Inc. and I believe that he is knowledgeable about Operon's use of compounds and methods that could be prior art to the patents-in-suit. Based on my review of the exhibits

attached to the Declaration of Ahren C. Hoffman in support of the Motion to Transfer, I believe that he currently resides in Reno, Nevada.

24. The Northern District of California is a national hub for biotechnology research and development. As such, I believe that numerous sources of prior art to the patents-in-suit are located in the Northern District of California. For example, I believe that Genentech, Inc., which maintains its research center in South San Francisco, will likely have prior art relevant to the patents-in-suit. I also believe that Clontech Laboratories, Inc., which is located in the San Francisco Bay Area, synthesized oligonucleotide probes that could serve as relevant prior art to the patents-in-suit.

25. I understand that Plaintiffs have recently named the Midland Certified Reagent Company ("Midland Certified") as a defendant in this action. From what I understand about Midland Certified, its sales of the Accused Products are incidental to its sales of other products. Moreover, it is my understanding that Richard Case, CEO of Midland Certified, had never previously been involved in a dispute with ABI, including one relating to licensing of one or more of the patents-in-suit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of December, 2009, in Novato, California.

_____
Ronald M. Cook, Ph.D.

Dec 29, 2009

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's Case Management/Electronic Case Filing system on January 5, 2010.

                                                    */s/ Winstol D. Carter, Jr.*
                                                    Winstol D. Carter, Jr.