IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION, AND APPLIED BIOSYSTEMS, L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> BIOSEARCH TECHNOLOGIES, INC., BIO-SYNTHES, INC., EUROFINS MWG OPERON INC., AND THE MIDLAND CERTIFIED REAGENT COMPANY, INC., <br><br> Defendants. | Case No. 2:09-cv-283-TJW-CE |

## DECLARATION OF KLAUS KUEGLER

Klaus Kuegler declares as follows:

1. I am the Chief Financial Officer of defendant Eurofins MWG Operon Inc. ("Eurofins"). I am fully familiar with the facts and circumstances set forth below.

2. I submit this declaration in support of Eurofins' motion to transfer this case to the Northern District of California.

3. I understand that the plaintiffs in this case, Life Technologies Corp. and Applied Biosystems, L.L.C., are asserting in this case that Eurofins' dual-labeled probes for quantitative polymerase chain reaction (the "accused products") infringe five patents (the "patents-in-suit").

4. Eurofins is incorporated in Delaware and has its headquarters in Huntsville, Alabama. It does not have any offices in Texas.

5. Eurofins does not have any equipment, operations, or documents in Texas.

3719842v.1

6. Eurofins does not have any employees in Texas. It does not have any sales representatives located in Texas.

7. Sales in Texas of Eurofins' accused products amounted to less than $5,700 in 2008 and less than $11,000 dollars in 2009.

8. I am not aware of any witnesses located in Texas that have any knowledge relevant to this case.

9. By contrast, Northern California has a number of witnesses with information relevant to this matter.

10. Eurofins maintains a sales person in Northern California (San Francisco) and sells the accused products to customers in Northern California.

11. Sales in California of Eurofins' accused products in 2008-2009 are more than 10 times greater than such sales in Texas.

12. Eurofins is the successor (through a series of transactions) to the dual-labeled probe business of Operon Technologies, Inc. ("Operon"), a company founded in Northern California (Alameda) in 1986 and operated there for many years.

13. Because Operon was founded and operated in Northern California, there are a number of witnesses in this area with knowledge about the history, research and development, and properties of the accused products. These witnesses are also knowledgeable about the prior art to the patents-in-suit, and Operon's manufacture and sale of dual-labeled probes without any license or suit from plaintiffs. I provide a few examples of such individuals below.

14. Robert Saul is the founder and former Chief Executive Officer of Operon. I believe he has knowledge about the accused products, the prior art, and the plaintiffs' failure to

3719842v.1

enforce the patents-in-suit. It is my understanding, based upon review of information available on the internet, that Mr. Saul resides in Northern California.

15. Garry Merry is the former Vice President of Genomic Services of Operon. I believe he has knowledge about the accused products and failure by plaintiffs to enforce the patents-in-suit. It is my understanding, based upon review of information available on the internet, that Mr. Merry resides in Northern California.

16. Alex Khorlin is the former director of research and development and oligonucleotide development at Operon. I believe he has knowledge about the accused products and failure by plaintiffs to enforce the patents-in-suit. It is my understanding, based upon review of information available on the internet, that Mr. Khorlin is now employed by one of the plaintiffs, Life Technologies Corporation, and resides in California.

17. In addition, I am aware that there are a number of companies located in California, TriLink Biotechnologies, Bionexus, Retrogen, Inc., and SynGen, Inc. being examples, that have sold dual-labeled probes for qPCR for years without license or suit from plaintiffs, and likely have knowledge about plaintiffs failure to enforce the patents-in-suit as well as the prior art to these patents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 5, 2010

_____
Klaus Kuegler

3719842v.1

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's Case Management/Electronic Case Filing system on January 5, 2010.

                                                  */s/ Winstol D. Carter, Jr.*
                                                  Winstol D. Carter, Jr.