**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LIFE TECHNOLOGIES CORPORATION, and APPLIED BIOSYSTEMS, LLC, | § | |
| *Plaintiffs,* | § | CIVIL ACTION NO. 2:09-cv-00283 |
| v. | § | |
| BIOSEARCH TECHNOLOGIES, INC., BIO-SYNTHESIS, INC., EUROFINS MWG OPERON INC., and THE MIDLAND CERTIFIED REAGENT COMPANY, INC. | § | DEMAND FOR JURY TRIAL |
| *Defendants.* | § | |

**DEFENDANT THE MIDLAND CERTIFIED REAGENT COMPANY, INC.'S MOTION FOR SEVERANCE AND TRANSFER**

COMES NOW, Defendant THE MIDLAND CERTIFIED REAGENT COMPANY, INC. ("Midland"), and files this its Motion for Severance and Transfer, and would show the court as follows:

## I. INTRODUCTION

Life Technologies Corporation and Applied Biosystems, LLC (hereinafter collectively "Plaintiffs"), both California based companies, filed this suit on September 18, 2009 against Defendant Biosearch Technologies, Inc., another California based company. A dispute arose between the original parties to this suit as to whether this case should be transferred to the Northern District of California. Thereafter, in an apparent attempt to maintain venue in the Eastern District of Texas, Plaintiffs filed their First Amended Complaint (Docket #10) naming, among others, Defendant Midland as a defendant in this action.

1. Midland, a small company relative to the other defendants, is incorporated in Texas. Case Decl. at ¶ 2. Its headquarters, and sole place of business, is located at 3112 West Cuthbert Ave, Midland, Texas 79701. Case Decl. at ¶ 2. Midland has two directors and only twelve employees, all of whom reside in Midland, Texas. Case Decl. at ¶ 2. All of Midland's records, documents, and electronically stored information are located in Midland, Texas. Case Decl. at ¶ 5.

2. Midland does not have any offices, operations, employees, representatives, equipment, or documents in the Eastern District of Texas. Case Decl. at ¶ 3. Midland has not sold any allegedly infringing products in the Eastern District of Texas. Case Decl. at ¶ 3. Its sales of the allegedly infringing products are incidental to its sales of its other products and, over the last seven years, have amounted to approximately $110,000.00. Case Decl. at ¶ 3. In fact, sales of the allegedly infringing products comprise such a small percentage of Midland's business that Midland has, for the time being, discontinued offering these products for sale. Case Decl. at ¶ 3.

3. Additionally, since its inception in 1978, Midland's sales of its other products in the Eastern District of Texas amounted to less than one percent (1%) of Midland's revenue. Case Decl. at ¶ 4. Midland does not advertise in the Eastern District of Texas and does not employ any sales representatives in the Eastern District of Texas. Case Decl. at ¶ 4. Other than its few sales of unrelated products, Midland has no connection to the Eastern District of Texas. Case Decl. at ¶ 4.

4. As a small business, defending itself against Plaintiffs' infringement allegations poses a significant financial burden to Midland. Case Decl. at ¶ 7. Trial of this lawsuit in the Eastern District of Texas rather than in the Western District of Texas, Midland-Odessa Division, where Midland is located, would cause that burden to increase substantially. Case Decl. at ¶ 7. For this reason, and because Midland and presumably Plaintiffs have any connection to the Eastern District of Texas, Midland respectfully requests the Court sever this suit pursuant to Federal Rules of Civil

Procedure 21 and transfer the suit against Midland to the Western District of Texas, Midland-Odessa Division, pursuant to 28 U.S.C. § 1404(a).

## II. ARGUMENT AND AUTHORITY

### A. THIS COURT SHOULD SEVER PLAINTIFFS' CLAIMS AGAINST MIDLAND PURSUANT TO RULE 21

5. A court may, in the interest of justice, conduct separate trials or sever any claim presented or any party to a suit. Fed.R.Civ.P. 21; *see Allied Elevator, Inc. v. E. Tex State Bank*, 956 F.2d 34, 36 (5th Cir. 1992). Here, it is apparent that Midland was added to this lawsuit in a thinly veiled attempt by Plaintiffs to maintain their lawsuit against Defendant Biosearch Technologies, Inc. in the Eastern District of Texas. The actions by Plaintiffs are similar to those of the Plaintiff in *Balthasar Online, Inc. v. Network Solutions, LLC*, 2009 WL 2952230. In *Balthasar*, a case initially heard by this Court, the plaintiff amended its complaint to add several small Texas based defendants to a suit involving out of state parties in an attempt to maintain venue in the Eastern District of Texas. *Id.* This Court ruled that the small Texas based defendants were "apparently added to the lawsuit for the purpose of maintaining venue" and that they were "not so involved in the controversy" with the large California base defendants. *Id.* Accordingly, this Court severed the suit.

6. Midland, like the Texas based defendants in *Balthasar*, is a small Texas company. Case Decl. at ¶ 2, 7. It is not involved in the controversy between Plaintiff and the other defendants. Further, Midland's sales of allegedly infringing product most likely pale in comparison to the other defendants in this case. It would be extremely inconvenient and unfair to force Midland to defend itself in this lawsuit in a venue in which it has little to no connection, especially in light of the obvious attempt by Plaintiffs to improperly manipulate jurisdiction by adding Midland as a Defendant in a lawsuit in which Plaintiffs clearly intend to focus prosecution against the originally named defendants.

7. For these reasons, and in the interests of justice, the Court should sever Plaintiffs' suit against Midland.

**B. THIS COURT SHOULD TRANSFER PLAINTIFFS' CLAIMS AGAINST MIDLAND TO THE WESTERN DISTRICT OF TEXAS PURSUANT TO USC 1404(a)**

8. Plaintiffs complaint against Midland should be transferred to the Western District of Texas, Midland-Odessa Division, under this Court's discretionary authority to transfer "[f]or the convenience of the parties and witnesses [and] in the interest of justice" because this action could have been brought in the Western District of Texas, Midland-Odessa Division, and the Fifth Circuit's eight-factor transfer test favors transfer in this instance. 28 U.S.C. § 1404(a); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir.2008). As stated succinctly by the United States Supreme Court, the purpose of 28 U.S.C. §1404(a) "is to prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge F.B.L.*-585, 364 U.S. 19, 26-27 (1960)). In determining the propriety of transfer a court must first examine the threshold venue question of whether the action could have been brought in the proposed transferee forum and then must examine the private and public interest factors established by the Fifth Circuit. *In re Volkswagen*, 545 F.3d at 315; *see also In re TS Tech*, 551 F.3d 1315, 1319 (Fed.Cir.2008).

9. The private interest factors to be considered by the Court are: "(a) the relative ease of access to the sources of proof; (b) the availability of compulsory process to secure the attendance of the witnesses; (c) the cost of attendance for willing witnesses; and (d) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *In re Volkswagen*, 545 F.3d at 315; *see also In re TS Tech*, 551 F.3d at 1319. The public interest factors to be considered by the Court are: "(a) the administrative difficulties flowing from court congestion; (b) the local interest in having

localized interests decided at home; (c) the familiarity of the forum with the law that will govern the case; and (d) the avoidance of unnecessary problems of conflict of laws." *Id.* None of these factors is dispositive. *Id.*

10. The plaintiffs' choice of venue is not a factor to be considered in this analysis. In fact, Fifth Circuit precedent clearly forbids treating a plaintiff's choice of venue as a distinct factor in the section 1404(a) analysis. *TS Tech,* 551 F.3d at 319. Rather, a plaintiff's choice of venue corresponds to the burden the moving party must meet in order to demonstrate convenience of the transferee forum. *Id.* (citing *In re Volkswagen,* 545 F.3d at 314.) The Fifth Circuit has also made it clear that a transfer is to be ordered where, as here, the transferee forum is "clearly more convenient" than the venue chosen by the plaintiff. *In re Volkswagen,* 545 F.3d at 315. As to the suit against Midland, the weight of the facts in this case demonstrates that the Western District of Texas, Midland-Odessa Division, the proposed transferee venue, is "clearly more convenient" than Plaintiffs' chosen venue.

**1. Venue is Proper in the Western District of Texas**

11. The first determination under 28 U.S.C. § 1404(a) is whether the action could have been filed in the judicial district sought. *In re Horseshoe Entm't,* 337 F.3d 429, 433 (5th Cir.2003). Venue in a patent infringement case is proper in the district where (1) the defendant corporation resides, or (2) where the defendant has allegedly committed acts of infringement **and** has a regular and established place of business. 28 U.S.C. § 1400(b) (*emphasis added*). For purposes of venue, a corporate defendant is deemed to "reside" in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c); *VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574, 1584 (Fed.Cir.1990) (incorporating 28 U.S.C. § 1391(c) into 28 U.S.C. § 1400(b)). Midland is a resident of the Western District of Texas. Its principal place of

business and only office is located in Midland, Texas. Case Decl. at ¶ 2, 3. Venue is therefore proper in the Western District of Texas under the first factor. By contrast, venue is not proper in the Eastern District of Texas because Midland does not reside in the district. Case Decl. at ¶ 2. Regarding the second factor, Midland has not conducted any business in the Eastern District of Texas with regard to the alleged infringing products and, with regard to its other products, does not have a regular or established place of business in the Eastern District of Texas. Case Decl. at ¶ 3. Conversly, Midland has sold alleged infringing products in the Western District of Texas, and has a regular and established place of business in the Western District. Venue is clearly proper in the Western District of Texas, Midland-Odessa Division, as relates to Midland.

**2. Private Interest Factors Weigh Heavily in Favor of Transfer to the Western District of Texas**

12. Analysis of the private interest factors strongly support transferring Plaintiffs' action against Midland to the Western District of Texas. The private interest factors to be considered by the Court are: "(a) the relative ease of access to the sources of proof; (b) the availability of compulsory process to secure the attendance of the witnesses; (c) the cost of attendance for willing witnesses; and (d) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *In re Volkswagen,* 545 3d at 315; *see also In re TS Tech,* 551 F.3d at 1319.

**a. The Relative Ease of Access to the Sources of Proof Favors Transfer to the Western District**

13. The first private interest factor to be considered by the Court is "the relative ease of access to the sources of proof." *Id.* In this case, with respect to the dispute between Plaintiffs and Midland, the ease of access to such proof favors transfer to the Western District of Texas.

14. Midland does not have a regular, established place of business in the Eastern District of Texas, has not sold a single alleged infringing product in the Eastern District of Texas, and does

not have any anticipated relevant documentary evidence located in the Eastern District of Texas. Case Decl. at ¶ 2 – 5. Therefore, it is unlikely that any relevant sources of proof are located in the Eastern District of Texas.

15. In contrast, the anticipated relevant documentary and tangible evidence that Midland will produce is maintained and kept in Midland, Texas – located in the Western District of Texas. Case Decl. at ¶ 5. Further, because Midland is the accused infringer, it is anticipated that the majority of the documentary proof in this action will be produced by Midland. Therefore, the majority of the sources of proof that will be used in this case, with respect to Plaintiffs' dispute with Midland, are located in the Western District of Texas. There are no known sources of proof located in the Eastern District of Texas. Therefore, the ease of access to sources of proof strongly favors transfer to the Western District of Texas.

**b. The Availability of Compulsory Process to Secure the Attendance of the Witnesses Favors Transfer to the Western District**

16. The second private interest factor is the availability of compulsory process to secure the attendance of witnesses. A venue that enjoys absolute subpoena power for trial is more convenient than a venue in which subpoenas will be subject to motions to quash. *In re Volkswagen*, 545 F.3d at 316. Rule 45(b)(2) of the Federal Rules of Civil Procedure governs the places where a subpoena issued by a court of the United States may be served. However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. For Midland, its key witnesses regarding its products and services are located in the Western District of Texas. Case Decl. at ¶ 2, 5. Its key management personnel and employees, who are likely to testify at trial, work and reside in the Western District of Texas. Case Decl. at ¶ 2, 5. Additional third party witnesses, including but not limited to former employees, are also likely to be located in the Western District of Texas and work or reside more than 100 miles

from the courthouse in Marshall, Texas.

17. While there is no single venue that will have subpoena power over all of the witnesses in this case because necessary witnesses live in various districts, the Western District of Texas will have subpoena power over a majority of the anticipated witnesses. In contrast, it is anticipated that there are no witnesses for Midland or for the Plaintiffs who can be found in the Eastern District of Texas. Thus, this factor strongly favors transfer to the Western District of Texas.

**c. The Cost of Attendance for Willing Witnesses Favors Transfer to the Western District**

18. The third private interest factor is the cost of attendance for willing witnesses. The Fifth Circuit has established a 100-mile threshold when considering the convenience to witnesses. *In re Volkswagen*, 545 F.3d at 317. All of the anticipated party witnesses for Midland and many of the non-party witnesses for Midland are located in the Western District of Texas. Case Decl. at ¶ 2, 5. It is anticipated that a majority of Plaintiffs' witnesses are located in California. However, Plaintiffs' witnesses will have to travel whether the trial is in the Eastern District of Texas or the Western District of Texas. Midland, Texas is significantly closer to California than Marshall, Texas. Further, travel from California to Midland, Texas by air is faster than travel from California to Marshall, Texas. Thus, this factor strongly favors transfer to the Western District of Texas.

**d. All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive Favors Transfer to the Western District of Texas.**

19. The last private interest factor concerns other practical problems that make trial of a case easy, expeditious, and inexpensive. Due to the early stage of this case, no case management conference has been held, initial disclosures have not been made, scheduling order has issued, no discovery has been served, and infringement contentions have not been served. Therefore, a

severance and transfer of the suit against Midland will not prejudice any of the parties.

20. Should the Court not sever this lawsuit and force Midland to defend itself alongside the much larger California defendants, Midland's litigation costs will be multiplied many times over. Specifically, because of the huge disparity in the size and activity of both the businesses and the sales of alleged infringing products between Midland and the California defendants, substantially more time, effort and money will necessarily be spent in dealing with discovery issues in California than in Texas. If the lawsuit is not severed, Midland's defense will be impacted by the results of the extensive discovery that must take place in California and, therefore, Midland will be forced to actively participate in out-of-state discovery processes. However, should the Court sever the lawsuit against Midland, the relevant discovery will necessarily be limited to a much smaller pool of witnesses and documents, thereby reducing litigation costs and the length of litigation as appropriate given the relatively minimal sales of alleged infringing products by Midland. Accordingly, the final private interest factor weighs heavily in favor of transfer to the Western District of Texas.

**3. Public Interest Factors Weigh Heavily in Favor of Transfer to the Western District of Texas**

21. The balance of the public interest factors also favors transfer. The public interest factors to be considered by the Court are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws." *In re Volkswagen*, 545 F.3d at 315; *see also In re TS Tech*, 551 F.3d at 1319. Each factor either favors transfer or is neutral.

**a. The Administrative Difficulties Flowing From Court Congestion Favors Transfer to the Western District**

22. The first public interest factor concerns the administrative difficulties caused by court

congestion. According to the *U.S Courts Federal Judicial Caseload Statistics*, the average time to disposition of cases in the Eastern District of Texas is greater than in the Western District of Texas. Specifically, the statistics show that in 2009 the median time interval in months for a case to go to trial in the Western District of Texas was 17.8 months. Conversely, the median time interval in months for a case to go to trial in the Eastern District of Texas in 2009 was 20.8 months. Therefore, this factor favors transfer to the Western District of Texas.

**b. The Local Interest in Having Localized Interests Decided at Home Favors Transfer to the Western District**

23. The second public interest factor is the local interest in having localized interests decided at home. This factor weighs heavily in favor of transfer because there is no relevant connection between Midland's alleged actions giving rise to this case and the Eastern District of Texas. Case Decl. at ¶ 2 - 6. Midland has not sold any allegedly infringing products in the Eastern District of Texas. Case Decl. at ¶ 3. Where a forum's only localized interest in the action is that the product at issue is generally available there, this factor supports transfer to a venue with a more genuine stake in the controversy. *In re Volkswagen*, 545 F.3d at 317-318 (finding that the general availability of a product to consumers in the Marshall Division did not create a localized interest weighing against transfer out of the forum). Further, while Midland's products are available to the public through its website, the Fifth and Federal Circuits have both unequivocally rejected weighing this factor against a transfer simply because an accused product that is available nationwide is also available in the Eastern District of Texas. *See In re TS Tech*, 551 F.3d at 1321 (citing *In re Volkswagen*, 545 F.3d at 318) ("The citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue"). Additionally, Plaintiffs have no connection to the Eastern District of Texas and Midland's only connection to the Eastern District is that it resides in Texas. For these reasons, the local interest in adjudicating this dispute in the

Eastern District of Texas is minimal at best.

24. In contrast, the Western District of Texas has a strong local interest to adjudicate this matter involving a defendant that resides in its district. Further, most of the anticipated evidence and witnesses, with regard to the claim against Midland, are located in the Western District of Texas. Case Decl. at ¶ 5. Thus, due to this case's very limited connection to the Eastern District of Texas and the strong local interest to adjudicate this matter in the Western District of Texas, this factor favors transfer.

**c. The Familiarity of the Forum With the Law That Will Govern the Case is Neutral**

25. The third public interest factor is the familiarity of the forum with the law that will govern the case. The Eastern District of Texas and the Western District of Texas are both proficient with the ability to understand and apply federal law and precedent to patent cases. Therefore, this factor is neutral.

**d. The Avoidance of Unnecessary Problems of Conflict of Laws is Neutral**

26. The fourth and final public interest factor is the avoidance of unnecessary problems of conflict of laws. It is unlikely that any conflict of law difficulties will arise in the case given the statutory nature of patent litigation, and because the Federal Circuit would review any substantive issues arising in the case, regardless of which district court hears the case. *QR Spex, Inc. v. Motorola, Inc.*, 507 F.Supp.2d 650, 667 (E.D.Tex.2007). Accordingly, Eastern District of Texas and Western District of Texas courts are equally capable of construing claim terms and applying federal patent laws to infringement claims. Therefore, this factor is also neutral.

## III. CONCLUSION

27. For the foregoing reasons, Plaintiffs' infringement action against Midland should be severed and transferred to the Western District of Texas, Midland-Odessa Division, pursuant to Rule

21 of the Federal Rules of Civil Procedure and pursuant to 28 U.S.C. § 1404(a).

Dated: January 26, 2010

Respectfully submitted,

**CHALKER FLORES, LLP**

By: /s/ Scott A. Meyer

Scott A. Meyer
Texas Bar No. 24013162
Thomas G. Jacks
Texas Bar No. 24067681
2711 LBJ Freeway, Suite 1036
Dallas, Texas 75234
(214) 866-0001
(214) 866-0010 (Fax)
smeyer@chalkerflores.com
tjacks@chalkerflores.com

**ATTORNEYS FOR DEFENDANT THE MIDLAND CERTIFIED REAGENT COMPANY, INC.**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he conferred with David Wooten, one of the attorneys for Plaintiffs, in compliance with the meet and confer requirement in Local Rule CV-7(h), and Plaintiffs oppose the relief requested in this motion.

/s/ Thomas G. Jacks
Thomas G. Jacks

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 26th day of January, 2010, a true and correct copy of the foregoing document was served on counsel of record in accordance with the Federal Rules of Civil Procedure and this Court's ECF system:

/s/ Scott A. Meyer
Scott A. Meyer