**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LIFE TECHNOLOGIES CORPORATION, and APPLIED BIOSYSTEMS, LLC, | ) ) ) ) | |
| *Plaintiffs,* | ) ) | CIVIL ACTION NO. 2:09-cv-00283 |
| v. | ) ) ) | DEMAND FOR JURY TRIAL |
| BIOSEARCH TECHNOLOGIES, INC., BIO-SYNTHESIS, INC., EUROFINS MWG OPERON INC., and THE MIDLAND CERTIFIED REAGENT COMPANY, INC. | ) ) ) ) ) ) | |
| *Defendants.* | | |

**PLAINTIFFS' SURREPLY TO DEFENDANTS BIOSEARCH TECHNOLOGIES, INC. ("BIOSEARCH") AND EUROFINS MWG OPERON INC.'S ("EUROFINS") MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(A)**

## I. Introduction

Movants' arguments center on denigrating the status, size and resources of Eastern District of Texas-based Defendant Bio-Synthesis, while simultaneously falsely depicting this action as being California-centric by ignoring multiple Texas connections and focusing exclusively on the location of a single Defendant, *i.e.*, Biosearch. Contrary to Movants' assertions, it is clear that Bio-Synthesis is an active company that has been manufacturing and selling accused products within this District, and that, when the relevant evidence of all of the parties across Alabama, California, Maryland, New York and Texas is considered, Texas is the gravitational center of this litigation. Because this case has strong ties to the Eastern District of Texas and Texas is a central location for all the parties, Biosearch and Eurofins' Motion to Transfer Venue should be denied.

## II. Argument

### a) This Litigation has Strong Ties to the Eastern District of Texas

Movants' Reply attempts to downplay this litigation's ties to this District by claiming that the inclusion of Bio-Synthesis is a "sham" akin to the "manipulative movement of evidence" described in *Hoffmann*. Reply, at 2. Bio-Synthesis's inclusion is not a sham, and Plaintiffs have in no way manipulated movement of evidence. The *Hoffmann* decision involved a plaintiff electronically transferring thousands of pages of documents to its counsel's office within the district and then arguing that the presence of these documents weighed against a transfer of venue. *In re Hoffmann-La Roche, Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009). There are no analogous facts or circumstances in the current case. Plaintiffs have not transferred any documents into the current venue, nor did they have any affect on Bio-Synthesis's (along with its witnesses and documents) presence within this District. Plaintiffs have simply identified multiple parties infringing

1

their patents through ongoing corporate diligence activities and pursued their rights in a venue which is not only proper, but also convenient to the parties as a whole.

Understanding this weakness, Movants attempt to argue that Bio-Synthesis's presence should be "disregarded" because the company was "legally defunct when it was added." Reply, at 3. This argument is based on the incorrect assumption that a company listed by the State of Texas as *not in good standing* somehow automatically forfeits its corporate rights and has no right to defend itself. This is not true — forfeiture in Texas requires a State-initiated notice process. Tex. Tax Code Ann. § 171.251 (Vernon 2009). Furthermore, prior to the State initiating this process, a company can simply cure any outstanding obligations to avoid forfeiture. *Id*. Bio-Synthesis has done just that, and is now in *good standing* with the State of Texas. 2nd Wooten Decl., Ex 1.

Movants also argue that Bio-Synthesis does not have a principal place of business in this District based on a 5th Circuit diversity jurisdiction analysis, which held where "a corporation has been inactive in a state for a substantial period of time" (*i.e.*, formally dissolved with zero activity over 5 years) that state is not the corporation's principal place of business.[1] Reply, at 2. Assuming, *arguendo*, that a diversity jurisdiction decision is applicable to a forum convenience analysis, Movants have proffered absolutely no evidence that Bio-Synthesis was formally dissolved, nor that it was "inactive for a substantial period of time." Instead, Bio-Synthesis's own website indicates it has been commercially active in this District since 1989, so Movants' argument falls with the faulty assumption that Bio-Synthesis was "legally defunct." 2nd Wooten Decl. Ex 2.

---

[1] Movants cite *Norsworthy v. Mystik Transp., Inc.*, 430 F.Supp.2d 631, 635 (E.D. Tex. 2006); however, the actual quote is from *Harris v. Black Clawson Co.*, 961 F.2d 547, 549-50 (5th Cir. 1992).

2

Finally, this litigation's connections to the Eastern District of Texas include not only Bio-Synthesis's presence, but also Biosearch and Eurofins' own admitted sales of accused products within the District.[2]  Motion, at 4; Reply, at 3.

### b) Texas is a Central Location for this Litigation, Not California

#### 1. Relevant documents and witnesses are located in Texas, Alabama, Maryland, New York, Washington and California

Movants repeatedly argue that the "bulk of the evidence and the vast majority of witnesses" in this case are located in California.  Reply, at 1.  This argument, however, completely discounts Bio-Synthesis's witnesses and documents within this District, and is apparently based primarily on its size (number of employees) as compared to the not substantially larger Biosearch.  *Id*. at 1-2.  Even if Defendant's size were relevant, Movants' argument fails because it purposefully ignores any witnesses or documents from the largest Defendant's (Eurofins) Huntsville, Alabama headquarters—which is substantially closer to the current venue.[3]  Reply, at 4; Opp., at 12.  In addition, Plaintiffs have witnesses and documents in Texas (Austin, Dallas and Houston), as well as Maryland and New York, that are directly relevant to this case because they relate to products protected by the patents-in-suit.  Opp., at 10.  Co-inventor witnesses are also located in Colorado and Washington.  *Id*. at 11.  Given the disperse locations of the relevant evidence in this case, it is clear that Texas, as compared to Northern California, is more centrally located and convenient for all parties involved.

---

[2] Movants argue that country-wide sales are not a proper "basis for concluding" that local interest favors venue transfer.  Reply, at 5.  In this case, sales are not the basis for a conclusion but are instead evidence of another connection to this District and, therefore, are an important factor to be considered by the Court.

[3] While Movants claim that a few former employees of Eurofins' predecessor Operon reside in California (Kuegler Decl. ¶¶ 14-16), they fail to mention that Eurofins recently hired private investigators to show that former **Operon leaders**, James Hudson and Patrick Weiss, reside in *Alabama*.  2nd Wooten Decl., Ex. 3 & 4.

3

Finally, to the extent Movants are asserting that the Federal Circuit's decision in *Genentech* suggests central location is not a proper factor to be considered in a forum convenience analysis, Plaintiffs note that the decision in *Genentech*, unlike here, was directed toward a case that had no direct connection to the chosen venue. *In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) (stating "it is undisputed that no identified witness is a resident of Texas, let alone a resident of the Eastern District of Texas … [t]hus, the district court improperly used its central location as a consideration in the absence of witnesses within the plaintiff's choice of venue"); *see also In re VTech Communications, Inc.*, No. 5:07-CV-00171, 2010 WL 46332, at *2 (Fed. Cir. Jan. 6, 2010) (distinguishing *Genentech* by stating that "[i]n *Genentech*, however, there was absolutely no relevant connection between the case and the Eastern District of Texas"); and *Emanuel v. SPX Corporation/OTC Tools Division,* No. 6:09CV220, 2009 WL 3063322 (E.D. Tex. Sept. 21, 2009) (stating "[t]he bulk of the sources of proof in *Genentech* were clearly located in California, and additional documents were located throughout Europe and Washington D.C., without any suggestion that any discovery would take place in Texas"). In contrast to *Genentech*, in this case, central location is an important aspect of the forum convenience analysis, and weighs against transfer.

### 2. Many of Movants' identified witnesses' relevance is purely speculative

Movants attempt to manipulate witness numbers in California by listing several witnesses based on pure speculation. Opp., at 4. A court is required to "assess the relevance and materiality of the information the witness may provide." *In re Genentech*, 566 F.3d at 1343; *see also Personal Audio, LLC v. Apple et al.*, Civil Action No. 9:09-CV-111 (E.D. Tex. Feb. 11, 2010), Memorandum Order Denying Motion to Transfer

4

Venue, p. 7 (stating that the defendant's allegation that the location of certain documents weighed against transfer was "little more than speculation"). A prime example of Movants' speculation is found in their Reply, where Movants state: "[a]s the PCR pioneer, Dr. Mullis *will undoubtedly have* knowledge or information *that could serve* as prior art to the patents-in-suit." Reply, at 4 fn5 (emphasis added). Plaintiffs, therefore, request that this Court take into account the speculative nature of these witnesses' relevance when considering the witnesses convenience factor.

### c) Witnesses are Subject to Compulsory Process in the Eastern District of Texas

Because neither jurisdiction has absolute subpoena power, the compulsory process factor does not weigh heavily in favor of transfer as asserted by Movants.

### d) The Eastern District of Texas has a Local Interest in Adjudicating this Case

Contrary to Movants' assertions, the Eastern District of Texas has a strong local interest in adjudicating this case because: (1) Defendant Bio-Synthesis is an Eastern District of Texas company; (2) Plaintiffs maintain directly relevant facilities in nearby Austin; and (3) both Movants have admittedly sold accused products into this District. Therefore, this factor weighs heavily against transfer.

### e) Court Congestion Weighs in Favor the Eastern District of Texas

Movants' Reply does not challenge the fact that time to trial is greater in the transferee venue. Therefore, the factor does not favor transfer.

## III. Conclusion

Movants have failed to carry their required burden of showing that the transferee forum is "clearly more convenient." Thus, the Court should deny their motion to transfer.

Dated:  March 29, 2010                                    Respectfully submitted,


                                                          /s/ David K. Wooten
                                                          David K. Wooten
                                                          (State Bar No. 24033477)
                                                          Leisa Talbert Peschel
                                                          (State Bar No. 24060414)
                                                          VINSON & ELKINS, LLP
                                                          1001 Fannin Street, Suite 2500
                                                          Houston, TX  77002-6760
                                                          Tel:  (713) 758-2095
                                                          Fax:  (713) 615-5936
                                                          dwooten@velaw.com
                                                          lpeschel@velaw.com

                                                          Otis Carroll
                                                          (State Bar No. 03895700)
                                                          Collin Maloney
                                                          (State Bar No. 00794219)
                                                          IRELAND, CARROLL & KELLEY, PC
                                                          6101 S. Broadway, Suite 500
                                                          Tyler, TX  75703
                                                          Tel:  (903) 561-1600
                                                          Fax:  (903) 581-1071
                                                          Fedserv@icklaw.com

                                                          William B. Dawson
                                                          (State Bar No. 05606300)
                                                          VINSON & ELKINS, LLP
                                                          3700 Trammell Crow Center
                                                          2001 Ross Avenue
                                                          Dallas, TX  75201-2975
                                                          Tel:  (214) 220-7926
                                                          Fax:  (214) 999-7926
                                                          bdawson@velaw.com

                              Tracey B. Davies
                              (State Bar No. 24001858)
                              Margaret J. Sampson
                              (State Bar No. 24027953)
                              VINSON & ELKINS, LLP
                              The Terrace 7
                              2801 Via Fortuna, Suite 100
                              Austin, TX 78746-7568
                              Tel:  (512) 542-8400
                              Fax:  (512) 542-8612
                              tdavies@velaw.com
                              msampson@velaw.com

                              *Attorneys for Plaintiffs Life Technologies Corporation and Applied Biosystems, LLC*

## CERTIFICATE OF SERVICE

       The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 29th day of March, 2010.

                              */s/ David K. Wooten*