**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LIFE TECHNOLOGIES CORPORATION, and APPLIED BIOSYSTEMS, LLC, | ) ) ) ) | |
| *Plaintiffs,* | ) ) | CIVIL ACTION NO. 2:09-cv-00283-TJW-CE |
| v. | ) ) | DEMAND FOR JURY TRIAL |
| BIOSEARCH TECHNOLOGIES, INC., BIO-SYNTHESIS, INC., EUROFINS MWG OPERON INC., and THE MIDLAND CERTIFIED REAGENT COMPANY, INC. | ) ) ) ) ) ) ) | |
| *Defendants.* | | |

**DISCOVERY ORDER**

After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16 and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1.    **Disclosures.**   No later than September 15, 2010, and without awaiting a discovery request, each party shall disclose to every other party the following information (to the extent not already provided):

   A.    the correct names of the parties to the lawsuit;

   B.    the name, address, and telephone number of any potential parties;

   C.    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

D.   the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;

E.   any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

F.   any settlement agreements relevant to the subject matter of this action; and

G.   any statement of any party to the litigation.

2.   **Protective Order.**   The Court will enter the parties' Agreed Protective Order, which the parties will submit to the Court on June 9, 2010.

3.   **Additional Disclosures.**   Each party, without awaiting a discovery request, shall provide to every other party the following information to the extent not already provided:

A.   the disclosures required by the Patent Rules for the Eastern District of Texas, in accordance with the deadlines set forth in said rules as modified by the Court's Docket Control Order;

B.   by January 28, 2011, a copy of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent that these disclosures are affected by the time limits set forth in the Patent

Rules for the Eastern District of Texas as modified by the Court's Docket Control Order; and

C.      no later than September 15, 2010 a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (*see* Local Rule CV-34) the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

4.      **Testifying Experts.**   Plaintiffs collectively and each Defendant are limited to 4 testifying experts.   For any testifying expert, by the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

A.      The expert's name, address, and telephone number;

B.      The subject matter on which the expert will testify;

C.      If the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting the general substance of the expert's mental impressions and opinions; and

D.      If the expert is retained by, employed by, or otherwise subject to the control of the disclosing party:

(1)      the report and disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B);

(2)    all documents, tangible things, reports, models, or data compilations considered by the expert in forming any and all opinions that the witness will express;

(3)    the expert's current resume and bibliography; and

(4)    the disclosures required by Local Rule CV-26(b)(1);

E.    Notwithstanding the foregoing, the following shall be non-discoverable by agreement of the parties:

(1)    drafts of any report required under Federal Rule of Civil Procedure 26(a)(2)(B), regardless of the form in which the draft is recorded; and

(2)    communications between the party's attorney (or an agent of the party's attorney) and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications.

5.    **Discovery Limitations.**  Discovery is limited in this cause to the disclosures described in Paragraphs 1, 3, & 4, the depositions of the parties, depositions on written questions of custodians of business records for third parties, depositions of nonparties, and depositions of experts together with the following limitations:

A.    **Written Discovery.**  Plaintiffs collectively may serve up to 20 interrogatories separately on each Defendant.  Each Defendant may serve separately up to 20 interrogatories on Plaintiffs collectively.  In addition, Plaintiffs collectively may separately serve up to 30 requests for admissions on each Defendant, and each Defendant may serve up to 30 requests for admissions on Plaintiffs collectively.

There is no limit on requests for admissions related to the admissibility of documents.   Should any party wish to object to an interrogatory or request for admission as compound, that party will first meet-and-confer with opposing counsel and, if the objection cannot be resolved, will seek a protective order from the Court.

B.      **Requests for Production.**      Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and Paragraphs 1, 3, & 4 of this Order, requests for production are unnecessary.   However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter.   The Court will entertain a motion to compel documents without a movant propounding formal requests for production.

C.      **Depositions of Witnesses Other Than Experts.**      Each party may take up to ten (10) depositions of witnesses other than experts, but in no event will any Defendant be subject to more than ten (10) such depositions.

D.      **Third-Party Depositions.**      The limitations in the Federal Rules of Civil Procedure with respect to the length of depositions on third parties will apply.

E.      **Document Subpoenas and Depositions on Written Questions.**      The      parties may serve as many document subpoenas on third parties, and as many depositions on written questions of custodians of business records of third parties, as needed.

F.      **Electronic Discovery.**      In accordance with the Local Rules and the Federal Rules, including Federal Rule of Civil Procedure 26, the parties are to produce all relevant materials.   However, the parties' agree that production in this litigation

will not require individual employees' PDAs, smartphones, Blackberry® devices, voicemails, instant messages, or calendars to be searched or produced absent further order or agreement for good cause shown, and only after the scope of production with respect to such media or devices has been agreed to by the parties or decided by court order.  By September 24, 2010, the parties will meet and confer regarding an Agreed Electronic Discovery Order, to be submitted to the Court by November 5, 2010.

The parties will meet and confer as to good cause on these issues and as to any claim of undue burden or cost.   Furthermore, any party may move to modify these limitations for good cause.

6.    **Privileged Information.**    By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.   The parties agree that they need not exchange privilege logs identifying privileged documents or attorney work product generated on or after the date the Complaint in this action was filed, *i.e.*, September 18, 2009.   Any party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log.   If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel its response to the motion, including any proof in the form of declarations or affidavits to support its assertions of privilege, along with the documents over which privilege is asserted for in camera inspection.   If the parties have no disputes

concerning privileged documents or information, then the parties shall inform the Court of that fact by the date provided in the Docket Control Order.

7.   **Pre-trial Disclosures.**   By the date provided in the Docket Control Order or as otherwise directed by the Court, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party may present at trial as follows:

A.   The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

B.   The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

C.   An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

By the date provided in the Docket Control Order or as otherwise directed by the Court, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B" above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph "C" above.   Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

8.    **Signature.**   The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.   The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

9.    **Duty to Supplement.**   After disclosure is made pursuant to this order, each party is under a duty to immediately supplement or correct its disclosures if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

10.    **Discovery Disputes.**

A.    Except in cases involving claims of privilege, any party entitled to receive disclosures may, after the deadline for making disclosures, serve upon a party required to make disclosures a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes that the disclosures are insufficient.   The written statement shall list, by category, the items the party entitled to receive disclosures contends should be produced.   The parties shall promptly meet and confer.   If the parties are unable to resolve their dispute, then the party required to make disclosures shall, within 14 days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written response, in letter form or otherwise, which identifies: (1) the requested items that will be disclosed, if any; and (2) the reasons why any requested items will not be disclosed.   The party entitled to receive disclosures may file a motion to compel within 10 days of receiving the response.

B.      Counsel are directed to contact the chambers of the undersigned for any "hotline" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

11.    **No Excuses.**   A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.   Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

12.    **Filings.**   For any filings in excess of 20 pages, counsel is directed to provide a courtesy copy to chambers, simultaneously with the date of filing.

     SIGNED this 1st day of June, 2010.


                                CHARLES EVERINGHAM IV
                                UNITED STATES MAGISTRATE JUDGE