IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LIFE TECHNOLOGIES CORPORATION § | | |
| AND APPLIED BIOSYSTEMS, LLC § | | |
| § | | |
| vs. § | CASE NO. 2:09-CV-283-TJW-CE | |
| § | | |
| BIOSEARCH TECHNOLOGIES, INC., § | | |
| ET AL. § | | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is the parties' joint motion for entry of a protective order in this case (Dkt. No. 104). The parties have agreed to the vast majority of the terms of the protective order. The parties, however, could not agree as to Paragraph 6, Section i. The parties' disagreement regarding this paragraph relates to whether two of Plaintiffs' in-house counsel will be screened from material deemed to be "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." As explained below, the court, having carefully considered the parties' arguments, ORDERS that the two in-house counsel named in Plaintiffs' proposed protective order are granted access to material labeled "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

In the present motion, Plaintiffs argue that the following two members of their in-house counsel should be granted access to material deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY": (1) Mr. Kurtis MacFerrin; and (2) Mr. Emmanuel Vacchiano. In determining whether a protective order should deny a party's attorney access to information, the court must focus on the risk of "inadvertent or accidental disclosure" and weigh that risk against the potential that the protective order may impair the other parties' ability to prosecute or defend its claims. *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984); *see also ST*

1

*Sales Tech Holdings, LLC v. Daimler Chrysler Co., LLC*, Civil Action No. 6:07-CV-346, 2008 WL 5634214 at *2 (E.D. Tex. March 14, 2008). When conducting this balancing test, courts look specifically at "the factual circumstances surrounding each individual counsel's activities, association, and relationship with a party." *U.S. Steel Corp.*, 730 F.2d at 1468 n.3. Other factors to be considered include: (1) whether the person receiving the confidential information is involved in competitive decision making or scientific research relating to the subject matter of the patent; (2) the level of risk of inadvertent disclosure of proprietary information; (3) the hardship imposed by the restriction; (4) the timing of the remedy; and (5) the scope of the remedy. *ST Sales Tech*, 2008 WL 5634214 at *2. The ultimate goal of this balancing test is to determine whether counsel's access to the confidential information creates "an unacceptable opportunity for inadvertent disclosure." *U.S. Steel Corp.*, 730 F.2d at 1468.

    A.    **Mr. Kurtis MacFerrin**

Plaintiffs argue that Mr. MacFerrin should be granted access to the material at issue because he is employed by Plaintiffs as in-house intellectual property litigation counsel and is directly and actively involved in litigation strategy and settlement decisions regarding this case. Considering Mr. MacFerrin's position, Plaintiffs argue that he must have access to the material at issue to continue to fulfill his role. Plaintiffs also note that Mr. MacFerrin will execute a Consent to be Bound by the Stipulated Protective Order. In opposition, Defendants argue that Mr. MacFerrin is involved in "competitive decision making" and, therefore, should not be granted access to the material at issue. Defendants contend that Mr. MacFerrin participates in litigation strategy and licensing negotiations and is therefore in a position to irreparably use Defendants' confidential information to aid in those activities.

Defendants provide no facts or evidence to support the contention that Mr. MacFerrin is involved in Plaintiffs' competitive decision making and licensing negotiations. Therefore, Defendants' reliance on *Microsoft Corp. v. Common. Sci. & Indus. Research Org.*, Nos. 6:06 CV549, 6:06 CV 550, 6:06 CV 551, 6:06 CV 324, 2009 U.S. Dist. LEXIS 13675, *20-22 (E.D. Tex. Feb. 23, 2009), is misplaced. In *Microsoft*, the non-party requesting that certain individuals be barred from viewing its confidential material identified a specific risk potentially arising from disclosure of that material – namely, the two individuals over which disclosure was disputed were in active negotiations with the non-party and were in a "unique" position making it highly probably that those individuals would be unable to avoid using the non-party's confidential information in those negotiations. *Id.* Defendants, however, have not identified any specific risks arising from granting Mr. MacFerrin access to the material at issue. Therefore, considering Mr. MacFerrin's active role in this litigation and that the Defendants have not identified any specific risk of inadvertent disclosure, the court concludes that Mr. MacFerrin will be granted access to material deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

    B.    **Mr. Emmanuel Vacchiano**

Plaintiffs argue that Mr. Vacchiano should likewise be granted access to the information at issue because he is employed by Plaintiffs as in-house patent counsel and will also execute a Consent to be Bound by the Stipulated Protective Order. Plaintiffs also allege that Mr. Vacchiano is not now, nor has he ever been, involved in prosecution related to the *patents*-at-issue in this case. In response, Defendants again argue that Mr. Vacchiano is involved in "competitive decision making" and should, therefore, be denied access to the documents at issue. Defendants argue that, as division lead patent counsel, Mr. Vacchiano has prosecuted various

3

patents concerning the *technology*-at-issue in this case, and could potentially use Defendants' highly confidential technological information, even inadvertently, to strengthen Plaintiffs' intellectual property portfolio.

Defendants concede that Mr. Vacchiano is "apparently…the chief in-house strategist for this litigation." Considering Mr. Vacchiano's central role in this litigation, denying him access to the material at issue will likely impair Plaintiffs' ability to prosecute its claims. Furthermore, Defendants have not stated whether Mr. Vacchiano's patent prosecution duties are substantial. As the Federal Circuit has explained:

> Some attorneys involved in patent litigation, for example, may have patent prosecution duties that involve little more than reporting office actions or filing ancillary paperwork, such as sequence listings, formal drawings, or information disclosure statements. Similarly, some attorneys may be involved in high-altitude oversight of patent prosecution, such as staffing projects or coordinating client meetings, but have no significant role in crafting the content of patent applications or advising clients on the direction to take their portfolios. There is little risk that attorneys involved solely in these kinds of prosecution activities will inadvertently rely on or be influenced by information they may learn as trial counsel during the course of litigation.

*In re Deutsche Bank*, 605 F.3d 1373, 1379-80 (Fed. Cir. 2010). Absent evidence that Mr. Vacchiano is substantially involved in the prosecution of Plaintiffs' patents, the court concludes that the likelihood of Mr. Vacchiano inadvertently disclosing or using Defendants' confidential information is outweighed by the likelihood that denying him access to such information will impair the Plaintiffs' ability to prosecute its claims.

In conclusion, the court ORDERS that Mr. MacFerrin and Mr. Vacchiano be given access to material deemed to be "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." Neither counsel, however, shall participate in the prosecution of patents in the same field of technology as the patent-in-suit throughout the pendency of this case and for a period of

eighteen months following the final disposition of this action. The parties are ORDERED to submit a protective order conforming to the ruling herein within seven days from the issuance of this order.

SIGNED this 29th day of March, 2011.

                                                CHARLES EVERINGHAM IV
                                                UNITED STATES MAGISTRATE JUDGE