**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LIFE TECHNOLOGIES CORPORATION, and APPLIED BIOSYSTEMS, LLC, | ) ) ) ) | |
| *Plaintiffs,* | ) ) | CIVIL ACTION NO. 2:09-cv-00283 |
| v. | ) ) | DEMAND FOR JURY TRIAL |
| BIOSEARCH TECHNOLOGIES, INC., BIO-SYNTHESIS, INC., and EUROFINS MWG OPERON INC., | ) ) ) ) | |
| *Defendants.* | ) ) | |

## STIPULATED AMENDED PROTECTIVE ORDER

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality; to protect information of a kind whose confidentiality is properly protected under Rule 26(c) of the Federal Rules of Civil Procedure; and to ensure that protection is afforded only to such information, Plaintiffs Life Technologies Corporation, and Applied Biosystems, LLC ("Plaintiffs"), and Defendants Biosearch Technologies, Inc., Bio-Synthesis, Inc., and Eurofins MWG Operon Inc. (collectively, "Defendants"), through their respective outside counsel, move this Court for entry of an amended protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in *Life Technologies Corporation and Applied Biosystems, LLC v. Biosearch Technologies, Inc., et al*, Case No. 2:09-cv-00283-TJW-CE (the "Action"). This Amended Protective Order takes effect on the later of either the date of this Order is signed or October 3, 2011, at which time it replaces the April 6, 2011 Protective Order in this action.

**IT IS THEREFORE ORDERED THAT:**

1.      **APPLICABILITY OF THIS AMENDED PROTECTIVE ORDER**

The CONFIDENTIAL and HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY provisions in this Amended Protective Order shall apply to materials, information, documents, and things produced or disclosed, whether formally or informally, or submitted to the Court in this Action, including, without limitation, testimony at depositions upon oral examination or upon written questions, transcripts of depositions, answers to interrogatories, documents or things produced, information obtained from inspection of premises or things, answers to requests for admission, and any other discovery or disclosure made in this Action that are designated in accordance with the procedures set forth herein. This Amended Protective Order shall also apply to all information, documents, and things derived from such information, documents, and things, including, without limitation, copies, summaries, notes, or abstracts. This Protective Order shall be binding on the parties to this Action, and their successors, assigns, and employees as well as any other third party or individual designating documents or information pursuant to this Amended Protective Order.

2.      **CONFIDENTIAL AND HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY INFORMATION**

Upon a good-faith determination by any party or non-party from whom discovery in this Action is sought (the "Designating Party") that any document or thing being produced or disclosed to the Court or to another party (the "Receiving Party") contains a trade secret or other proprietary or confidential business information that the Designating Party would, in the ordinary course, not publicly disclose to third parties, the Designating Party may designate such document or thing as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY according to the guidelines set forth below.

a)      CONFIDENTIAL material or information shall include, inter alia, any document or thing that the Designating Party believes in good faith constitutes or embodies matter used by it in, or pertaining to, its business, which matter is not generally known and which the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence, and any other information that would qualify as confidential pursuant to Rule 26(c) of the Federal Rules of Civil Procedure or any other applicable legal standard.

b)      HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material or information shall include certain CONFIDENTIAL material or information that constitutes or contains, for example:  confidential research and development information for future products or information of an extremely sensitive nature that, if disclosed without restriction, may cause competitive harm to the Designating Party and for which the Designating Party has a good faith basis to maintain the information in confidence to the exclusion of all in-house counsel and employees of the Receiving Party, except as provided in Section 6.

3.      **DESIGNATION AND PRODUCTION OF MATERIAL OR INFORMATION**

a)      In good faith, any party or non-party that produces material or information in this litigation may designate it as either CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY by labeling or marking that material or information in the manner described herein.

b)      Absent a court order or the written consent of the Designating Party specifying otherwise, the Receiving Party will treat as either CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY all documents, information or other materials designated by the Designating Party as either CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY.

c)      The inadvertent failure to designate documents, information or other materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY before or at the time of disclosure, shall not operate as a waiver of the Designating Party's right to designate said documents or other material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY. In the event that such documents or other material are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY after disclosure, then the Designating Party shall promptly, after learning of the failure to designate, notify the Receiving Party in writing of the missing designation. To the extent such documents, information or other materials may have been disclosed to persons other than authorized persons described in this Amended Protective Order, the Receiving Party shall make every reasonable effort to retrieve the documents, information or other materials promptly from such unauthorized persons and to limit any further disclosure to unauthorized persons. The Designating Party shall provide properly marked replacement documents, information or other materials to the Receiving Party within fifteen (15) business days after the notice. Within ten (10) business days of receiving properly-marked replacements, the Receiving Party shall confirm in writing that the unmarked documents, information or other materials were destroyed or otherwise made inaccessible, or return the previously-unmarked documents, information or other materials to the Designating Party.

d)      In the event of any disclosure other than in a manner authorized by this Amended Protective Order by a Receiving Party of CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material, the Receiving Party responsible for the disclosure shall immediately notify the Designating Party of all the pertinent facts and make every reasonable effort to prevent further unauthorized disclosure, including retrieving all copies

of the CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material from the unauthorized recipient(s) thereof and securing the agreement of the unauthorized recipients not to further disseminate the CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material in any form. Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

**4.     NON-DISCLOSURE AND NON-USE OF CONFIDENTIAL MATERIAL**

No information, documents, or things designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY may be disclosed to any person or used for any purpose beyond the purposes of the current patent litigation between the parties to this Action except with the prior written consent of the Designating Party, or except as hereinafter provided under this Amended Protective Order.

**5.     PERMISSIBLE DISCLOSURE OF CONFIDENTIAL MATERIAL**

Absent a Court order or written permission from the Designating Party, and subject to Section 3(b) hereof, CONFIDENTIAL material may be disclosed only to the following:

a)     Outside counsel for the parties to this litigation and employees in those law firms whose functions require access to CONFIDENTIAL material.

b)     Non-party experts (including testifying experts and non-testifying consultants, but not employees of a party to the lawsuit) engaged by counsel or the parties to assist in this litigation, and employees, staff, or other assistants working under the supervision of the non-party expert, provided that each non-party expert has signed an undertaking in the form of Exhibit A or B attached to this Amended Protective Order before receiving materials protected by this Amended Protective Order. The non-party experts shall be responsible for ensuring that their employees, staff, or other assistants working under their supervision comply in full with the provisions of this Amended Protective Order. The Receiving Party proposing to disclose the

Designating Party's CONFIDENTIAL material to a non-party expert shall, at least ten (10) business days before disclosing the Designating Party's CONFIDENTIAL material to such non-party expert, send a written notice to counsel for the Designating Party identifying the non-party expert and including the full name and professional address and/or affiliation of the proposed non-party expert; a current curriculum vitae; a list of the cases in which the non-party expert has testified at a deposition or at trial within the last four (4) years; and a copy of a completed and signed undertaking in the form attached hereto as Exhibit A or B. Unless objection is made in writing within ten (10) business days after the notice is received, counsel may disclose CONFIDENTIAL materials to that non-party expert. If a timely written-objection is made to the disclosure of CONFIDENTIAL materials to a non-party expert, and the parties are unable to resolve the issue, then the Designating Party shall, within ten (10) business days of making the objection, move for a protective order from the Court preventing such disclosure.

The proposed non-party expert shall not receive any of the Designating Party's CONFIDENTIAL material until the Court decides the motion, or the objection is resolved by agreement of the parties, or the Designating Party fails to move for an order preventing the disclosure within the prescribed time period. Each Designating Party that objects to disclosure of its CONFIDENTIAL material must comply with the provisions of this Section. One Designating Party's objection shall not prevent a proposed non-party expert from viewing another non-objecting Designating Party's CONFIDENTIAL material.

c)      Up to three (3) employees, officers, directors, in-house counsel, or other designees of each party in this litigation, provided that each such person signs an undertaking in the form of Exhibit B attached to this Amended Protective Order before receiving materials protected by this Amended Protective Order. The Receiving Party proposing to disclose

CONFIDENTIAL material under this subsection shall, at least five (5) business days before disclosing the CONFIDENTIAL material to such person, send a completed and signed copy of the undertaking attached hereto as Exhibit B to the Designating Party, along with a description of the person's job title and responsibilities. Unless objection is made in writing within five (5) business days after the notice is received, counsel may disclose CONFIDENTIAL materials to that person. If a timely, written objection is made to the disclosure of CONFIDENTIAL materials to the person, and the parties are unable to resolve the issue, then the Designating Party shall, within ten (10) business days of making the objection, move for a protective order from the Court, preventing such disclosure. The objected to employee(s), officer(s), director(s), in-house counsel, or other designee(s) shall not receive any of the Designating Party's CONFIDENTIAL material until the Court decides the motion, or the objection is resolved by agreement of the parties, or the Designating Party fails to move for an order preventing the disclosure within the prescribed time period.

d)       The authors, senders, addressees, and copy recipients of the CONFIDENTIAL material.

e)       Any other person who the Designating Party agrees in writing may be provided the Designating Party's CONFIDENTIAL materials; however, such permission shall not extend to another party's CONFIDENTIAL materials. Before agreeing, the Designating Party may require that such person signs an undertaking in the form of Exhibit B attached to this Amended Protective Order before receiving materials protected by this Amended Protective Order.

f)       Officers and employees of the Court and jurors in this Action.

g)       Qualified persons taking testimony involving such confidential information and necessary stenographic and clerical personnel thereof (including video technicians).

h)      Graphics or design services personnel, non-technical jury or trial consulting services, e-discovery vendors, and photocopy, document imaging and review vendors, and database services retained by counsel to assist with trial preparation or presentation, or other court proceedings in this Action.

i)      Translation services necessary for translating documents or testimony in this Action.

**6.      PERMISSIBLE DISCLOSURE OF HIGHLY CONFIDENTIAL –
OUTSIDE COUNSEL'S EYES ONLY MATERIAL**

Absent a Court order or written permission from the Designating Party, and subject to Section 3(b) hereof, HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material may be disclosed only to the following:

a)      Outside counsel for the parties to this litigation and employees in those law firms whose functions require access to HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material.

b)      Non-party experts (including testifying experts and non-testifying consultants, but not employees of a party to the lawsuit) engaged by counsel or the parties to assist in this litigation, and employees, staff, or other assistants working under the supervision of the non-party expert, provided that each non-party expert has signed an undertaking in the form of Exhibit A attached to this Amended Protective Order before receiving materials protected by this Amended Protective Order. The non-party experts shall be responsible for ensuring that their employees, staff, or other assistants working under their supervision comply in full with the provisions of this Amended Protective Order. The Receiving Party proposing to disclose the Designating Party's HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material to a non-party expert shall, at least ten (10) business days before disclosing the

Designating Party's HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material to such non-party expert, send a written notice to counsel for the Designating Party identifying the non-party expert, and including the full name and professional address and/or affiliation of the proposed non-party expert; a current curriculum vitae; a list of the cases in which the non-party expert has testified at a deposition or at trial within the last four (4) years; and a copy of a completed and signed undertaking in the form attached hereto as Exhibit A. Unless objection is made in writing within ten (10) business days after the notice is received, counsel may disclose HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY materials to that non-party expert. If a timely, written objection is made to the disclosure of HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY materials to a non-party expert, and the parties are unable to resolve the issue, then the Designating Party shall, within ten (10) business days of making the objection, move for a protective order from the Court preventing such disclosure. The proposed non-party expert shall not receive any of the Designating Party's HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material until the Court decides the motion, or the objection is resolved by agreement of the parties, or the Designating Party fails to move for an order preventing the disclosure within the prescribed time period. Each Designating Party that objects to disclosure of its HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material must comply with the provisions of this Section. One Designating Party's objection shall not prevent a proposed non-party expert from viewing another non-objecting Designating Party's HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material.

c)     The authors, senders, addressees, and copy recipients of the HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material.

d)      Any other person who the Designating Party agrees in writing may be provided the Designating Party's HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material; however, such permission shall not extend to another party's HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material. Before agreeing, the Designating Party may require that such person signs an undertaking in the form of Exhibit A attached to this Amended Protective Order before receiving materials protected by this Amended Protective Order.

e)      Officers and employees of the Court and the jurors in this Action.

f)      Qualified persons taking testimony involving such highly confidential information and necessary stenographic and clerical personnel thereof (including video technicians).

g)      Graphics or design services personnel, non-technical jury or trial consulting services, e-discovery vendors, and photocopy, document imaging and review vendors, and database services retained by counsel to assist with trial preparation or presentation, or other court proceedings in this Action.  Counsel must require that any such person sign an undertaking in the form of Exhibit A attached to this Amended Protective Order before receiving materials protected by this Amended Protective Order.

h)      Translation services necessary for translating documents or testimony in this case.

i)      The below designated in-house counsel of the Receiving Party, whom each shall sign an undertaking in the form of Exhibit C attached to this Amended Protective Order before receiving materials protected by this Amended Protective Order and whom each shall not participate in the prosecution of patents in the same field of technology as the patents-in-suit through the pendency of this case and for a period of eighteen months following the final disposition of this Action.  "Final Disposition" shall be defined as the entry of a final non-

appealable judgment or order concluding this Action or the complete settlement of all claims against all parties in this Action.  A person shall not be designated as a party representative under this Section 6(i) unless they are involved, in good faith, in providing assistance in the course of this litigation, including any settlement discussions.

Plaintiffs Life Technologies Corporation, and Applied Biosystems, LLC:

Bradford Schmidt
Lead Counsel–Litigation
5791 Van Allen Way, Carlsbad, CA 92008

Katie Nolan-Steveaux
Litigation Counsel
850 Lincoln Centre Drive, Foster City, CA  94404

### 7.    HIGHLY SENSITIVE DATA

Highly sensitive data such as:  computer source code, object code, executable code, documents describing the encoding or decoding algorithms used in computer source code, and similar documents and things, may be produced during discovery in this Action. The parties agree to negotiate a mutually agreeable set of conditions and restrictions relating to such production, and expect to submit a supplemental or amended Protective Order addressing such production at a later date.

### 8.    METHOD OF DESIGNATION OF DOCUMENTS

a)    For purposes of this Amended Protective Order, the term "document" means all writings and recordings, as defined by Federal Rule of Evidence 1001(1), whether produced or created by a party or another person, whether produced pursuant to the disclosure requirements of the Federal Rules of Civil Procedure, court order, Fed. R. Civ. P. 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be designated CONFIDENTIAL or HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY. To the extent feasible, these materials shall be prepared in such a manner that the confidential information is bound separately from that which is not entitled to such protection.

b)      Documents: The Designating Party may designate documents as subject to this Amended Protective Order by producing copies of the document marked with a legend reading CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY. The legend shall be placed upon the first page of each document containing such material and upon each page within such document that contains the designated material or information.

c)      Magnetic or Optical Media Documents: Where documents or information are produced in a magnetic or optical medium (such as a hard drive, CD-ROM, or DVD), the documents or information shall be marked with the appropriate designation unless it is impractical to do so, in which case the medium shall be marked.

d)      Physical Exhibits: The confidential status of physical exhibits shall be indicated by placing a label on said physical exhibits marked with the appropriate designation.

e)      Third-Party Materials: Any third party from which materials are sought shall be given the option to designate materials under this Amended Protective Order or may negotiate a separate protective order for the production of third party materials.

**9.      CONFIDENTIAL INFORMATION DEPOSITIONS**

a)      In addition to provisions in Sections 5, 6, and 7 hereof, a deponent may be shown during the deposition, and examined about, documents and information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY under this Amended Protective Order if: (i) the deponent is identified on the document or has had access to the protected information contained therein; (ii) the deponent is a 30(b)(6) designee of the party who designated such confidential information; or (iii) the deponent is a person the

Designating Party has agreed in writing, or on the transcribed record in a deposition or at trial, may see the CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY documents, information or other materials; provided, however, that such agreement shall not be unreasonably withheld. Before agreeing to disclose confidential information under (iii), the Designating Party may require that such deponent signs an appropriate undertaking in the form of Exhibit A or B attached to this Amended Protective Order before receiving materials protected by this Amended Protective Order.

b)       A deponent who is not a party or a representative of a party shall be provided a copy of this Amended Protective Order at the time of service of the notice of deposition or subpoena pursuant to which the deponent is to appear before being asked to produce potentially confidential documents.

c)       Within thirty (30) days after receiving a final deposition transcript, the party representing the deponent or any other party may send written notice to all other parties, designating all or portions of the transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY. During the thirty (30) day designation period, the entire deposition transcript (with the exception of the exhibits to the transcript) will be treated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY. Exhibits to the deposition transcript will be treated in accordance with whatever designation was given those materials, if any, at the time of their production or, if not previously produced, at the time of the deposition.

d)       If no party or deponent timely designates the deposition transcript on the record at the deposition, or within the time provided in Section 9(c), then none of the transcript (with the exception of the exhibits) will be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY under this Amended Protective Order.

e)      Transcripts of depositions which have been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY, shall be treated in accordance with this Amended Protective Order except that counsel may provide the transcript to the deponent for review, correction, and signature.

f)      No copy of any transcript of any deposition taken by a party which is designated, in whole or in part, as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY in accordance with this Amended Protective Order shall be furnished by the reporter to any person other than to counsel for the parties, counsel for the deponent, or the deponent (if unrepresented).

**10.      MAINTENANCE OF DESIGNATED MATERIALS**

a)      Each recipient of material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY shall maintain such material in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody, use and dissemination of such material as is exercised by the recipient with respect to its own confidential and proprietary material.

b)      Within 60 days after the entry of a final non-appealable judgment or order concluding this Action or the complete settlement of all claims against all parties in this Action:

i)      All copies of materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY must be returned or destroyed.

ii)     Notwithstanding the provisions above, outside counsel may retain attorney work product and copies of any pleadings and exhibits contained in the official court record, court papers, and deposition exhibits protected under the Stipulated Amended Protective Order.

## 11.      FILING

Submission of designated material to the Court shall be in compliance with the Local Rules of the Court that governs sealed filings.   The Court hereby authorizes filing of any documents containing designated material under seal.

## 12.      USE OF CONFIDENTIAL MATERIAL AT HEARING OR AT TRIAL

Subject to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the Court, documents and other information designated under this Amended Protective Order may be offered in evidence at trial or at any court hearing, provided that the proponent of the evidence provides other parties to the Action reasonable notice beforehand. Any party to this litigation or third party may move the Court for an order that documents or information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY pursuant to this Amended Protective Order be received in camera or under such other conditions as are necessary to prevent inappropriate disclosure. If such a motion is made, the Court will determine whether the proffered evidence should be protected under this Amended Protective Order and, if so, what protection, if any, may be afforded to such information at the hearing or trial.

## 13.      SUBPOENA BY OTHER COURTS OR AGENCIES

If a third party, another court, arbitrator, or an administrative or regulatory agency subpoenas or orders production of documents or information designated for protection under this Amended Protective Order which a party to this litigation has obtained under the terms of this Amended Protective Order, such party shall, if lawfully permitted to do so, promptly notify the Designating Party of the pendency of such subpoena or order.

### 14.    NO ADMISSIONS

a)    The acceptance of information, documents, or things designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY materials by any party to this litigation shall not constitute an admission or concession that any such designation is appropriate.

b)    Any party to this litigation may challenge a designation of material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY by challenging in writing the designation applied by a Designating Party to any specifically identified page or document. Within five (5) business days of receiving the challenge, the Designating Party shall provide a good-faith explanation in writing for its basis for designating the material under this Amended Protective Order. The parties shall confer in good faith as to the validity of the designation within three (3) business days after the challenging party has received the Designating Party's explanation for its designation. If the parties are unable to reach an agreement concerning the proper designation for the material, the challenging party may make an appropriate application to the Court as provided by the Local Rules. Until the dispute is resolved, the material in question shall retain the original designation applied to it by the Designating Party but if a Court determines the material was not designated properly the receiving party is entitled to reasonable relief to cure any prejudice.

c)    Entering into, agreeing to, and/or producing or receiving information or material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY, or otherwise complying with the terms of this Amended Protective Order shall not:

i)    Operate as an admission by any party to this litigation that the restrictions and procedures set forth herein constitute, or do not constitute, adequate protection for

any particular information deemed by any party to be CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY;

ii)     Prejudice in any way the rights of the parties to this litigation to object to the production of documents they consider not subject to discovery; or

iii)     Prejudice in any way the rights of any party to this litigation to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Amended Protective Order.

## 15.   EXCEPTIONS

a)     This Amended Protective Order shall not prevent or prejudice any party to this litigation from applying to the Court for relief from, or modification of, this Amended Protective Order or for further or additional protective orders, or from making a motion with the Court for a modification of this Amended Protective Order.

b)     This Amended Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY information or materials for any purpose.

c)     Nothing contained herein shall impose any restrictions on the use or disclosure by a party to this litigation of documents, information, or material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY obtained lawfully by such party independently of any proceedings in this Action, or which:

i)     was already known to such party by lawful means prior to acquisition from, or disclosure by, another party to this Action;

ii)     is or becomes publicly known through no fault or act of such party; or

iii)     is rightfully received by such party from a third party which has authority to provide such information or material without restriction as to disclosure.

### 16.     PRIVILEGED INFORMATION; INADVERTENT DISCLOSURE

a)      Nothing in this Amended Protective Order shall require disclosure of material that a party contends is protected from disclosure by the attorney-client privilege, the joint defense privilege, or the attorney work product doctrine or any other applicable privilege. This paragraph shall not preclude any party from moving the Court for an order directing the disclosure of such material.

b)      Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, the joint defense privilege, attorney work product doctrine or any other applicable privilege shall not constitute a waiver of or prejudice any claim that such or related material is privileged or protected by the attorney work product doctrine or any other applicable privilege. In the event that the producing party discovers such an inadvertent production or disclosure, the producing party shall notify the receiving party of the same in writing upon such discovery. Such inadvertently produced documents or information, including all copies thereof, shall be returned to the producing party immediately upon receipt of such notice, and no further use shall be made of such documents or information, nor shall such documents or information be shown to anyone who has not already been given access to them unless otherwise ordered by the Court. In the event that the receiving party discovers such an inadvertent production or disclosure, the receiving party shall (i) promptly notify the producing party in writing; (ii) immediately cease use of the inadvertently produced documents or information; and (iii) promptly return the inadvertently produced documents or information to the producing party. The receiving party may move the Court for an order compelling production and use of any such inadvertently produced document or information, but the motion shall be filed under seal if the motion discloses or otherwise uses the content of the inadvertently produced document or information. If such a motion is filed by the Receiving Party, the Disclosing Party agrees to

submit the disputed documents to the Court for in camera inspection as required by the Court's local rules. The duties and obligations set forth in this Section 19(b) shall be in addition to, and not in any way in derogation of, the duties and obligations set forth in Fed. R. Civ. P. 26(b)(5) or other applicable law.

### 17.    NON-TERMINATION

The provisions of this Amended Protective Order shall not terminate at the conclusion of this Action, but shall continue indefinitely. Return or destruction of any designated materials shall proceed pursuant to Section 10(b) of this Stipulated Amended Protective Order.  Upon request from the Designating Party, counsel for any party or non-party to this litigation receiving confidential information shall make written certification of compliance with this provision regarding return or destruction and shall deliver the same to counsel for the Designating Party within ninety (90) days after the conclusion of this Action.

### 18.    CONTINUING JURISDICTION

After the conclusion of this Action, the provisions of this Amended Protective Order shall continue to bind the parties to this Action, and all persons who sign Exhibits A, B or C to this Amended Protective Order, until further order of the Court. In addition, the Court shall retain jurisdiction over any other person who has had access to CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material or information pursuant to this Amended Protective Order, so that the Court may enforce the provisions of this Amended Protective Order.

### 19.    EFFECT OF EXECUTION

The execution of this Amended Protective Order shall not be construed as an agreement by any person to supply any document, as a waiver by any person of the right to object to the production of any document, or as a waiver of any claim of privilege with regard to the

production of any document.

      SIGNED this 29th day of September, 2011.

CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LIFE TECHNOLOGIES CORPORATION, | ) | |
| and | ) | |
| APPLIED BIOSYSTEMS, LLC, | ) | |
| | ) | |
|      *Plaintiffs,* | ) | CIVIL ACTION NO. 2:09-cv-00283 |
| | ) | |
| v. | ) | |
| | ) | DEMAND FOR JURY TRIAL |
| BIOSEARCH TECHNOLOGIES, INC., | ) | |
| BIO-SYNTHESIS, INC., and | ) | |
| EUROFINS MWG OPERON INC., | ) | |
| | ) | |
|      *Defendants.* | ) | |
| | ) | |

**CONSENT TO BE BOUND BY STIPULATED AMENDED PROTECTIVE ORDER**

I, _____ [name] state the following:

1.      I hereby acknowledge that I have read the Stipulated Amended Protective Order in *Life Technologies Corporation and Applied Biosystems, LLC v. Biosearch Technologies, Inc., et al*, Case No. 2:09-cv-00283-TJW-CE (the "Action"), understand its terms, and agree to be bound by them. Specifically, I will treat any CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material I receive in this Action in accordance with the terms of the Stipulated Amended Protective Order. I also take responsibility for ensuring that any employees, staff, or other assistants working under my supervision will comply with the terms of the Stipulated Amended Protective Order

2.      I understand that any unauthorized use or disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material constitutes

contempt of a court order, which may subject me to sanctions by the Court and/or to separate legal and equitable recourse by any Designating Party that is adversely affected by such unauthorized use.

3.      I agree to, and hereby do, submit to the *in personam* jurisdiction of the United States District Court for Eastern District of Texas in connection with any proceeding relating to the enforcement of the Stipulated Amended Protective Order.


Dated: _____

 

_____
Signature

_____
Printed Name

_____
Address

_____
Individual or Entity Represented

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LIFE TECHNOLOGIES CORPORATION, | ) | |
| and | ) | |
| APPLIED BIOSYSTEMS, LLC, | ) | |
| | ) | |
| *Plaintiffs,* | ) | CIVIL ACTION NO. 2:09-cv-00283 |
| | ) | |
| v. | ) | |
| | ) | DEMAND FOR JURY TRIAL |
| BIOSEARCH TECHNOLOGIES, INC., | ) | |
| BIO-SYNTHESIS, INC., and | ) | |
| EUROFINS MWG OPERON INC., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**CONSENT TO BE BOUND BY STIPULATED AMENDED PROTECTIVE ORDER**

I, _____ [name] state the following:

1.      I have been designated as a person who may have access to information designated as CONFIDENTIAL, as those terms are defined in the Stipulated Amended Protective Order dated _____, 2009, in *Life Technologies Corporation and Applied Biosystems, LLC v. Biosearch Technologies, Inc., et al*, Case No. 2:09-cv-00283-TJW-CE (the "Action"). I understand that I am NOT designated as a person who may have access to information designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY as those terms are defined in the Stipulated Amended Protective Order.

2.      I hereby acknowledge that I have read the Stipulated Amended Protective Order in this Action, understand its terms, and agree to be bound by them. Specifically, I will treat any CONFIDENTIAL material I receive in this Action in accordance with the terms of the Stipulated

Amended Protective Order.

3.      I understand that any unauthorized use or disclosure of CONFIDENTIAL material constitutes contempt of a court order which may subject me to sanctions by the Court and/or to separate legal and equitable recourse by any Designating Party that is adversely affected by such unauthorized use.

4.      I agree to, and hereby do, submit to the *in personam* jurisdiction of the United States District Court for the Eastern District of Texas in connection with any proceeding relating to the enforcement of the Stipulated Amended Protective Order.


Dated: _____

_____
Signature

_____
Printed Name

_____
Address

_____
Individual or Entity Represented

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| LIFE TECHNOLOGIES CORPORATION, and APPLIED BIOSYSTEMS, LLC, | ) ) ) ) ) | |
| *Plaintiffs,* | ) ) | CIVIL ACTION NO. 2:09-cv-00283 |
| v. | ) ) | DEMAND FOR JURY TRIAL |
| BIOSEARCH TECHNOLOGIES, INC., BIO-SYNTHESIS, INC., and EUROFINS MWG OPERON INC., | ) ) ) ) | |
| *Defendants.* | ) ) | |

## CONSENT TO BE BOUND BY STIPULATED AMENDED PROTECTIVE ORDER

I, _____ [name] state the following:

1.      I hereby acknowledge that I have read the Stipulated Amended Protective Order in *Life Technologies Corporation and Applied Biosystems, LLC v. Biosearch Technologies, Inc., et al*, Case No. 2:09-cv-00283-TJW-CE (the "Action"), understand its terms, and agree to be bound by them. Specifically, I will treat any CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material I receive in this Action in accordance with the terms of the Stipulated Amended Protective Order. I also take responsibility for ensuring that any paralegals, clerks, secretaries, or other assistants working under my supervision will comply with the terms of the Stipulated Amended Protective Order

2.      I understand that any unauthorized use or disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material constitutes

contempt of a court order, which may subject me to sanctions by the Court and/or to separate legal and equitable recourse by any Designating Party that is adversely affected by such unauthorized use.

3.      Pursuant to Paragraph 6.i of the Amended Protective Order entered in this matter, I shall not participate in the prosecution of patents in the same field of technology as the patents-in-suit through the pendency of this case and for a period of eighteen months following the final disposition of this Action.

4.      I agree to, and hereby do, submit to the *in personam* jurisdiction of the United States District Court for Eastern District of Texas in connection with any proceeding relating to the enforcement of the Stipulated Amended Protective Order.


Dated: _____

_____
Signature

_____
Printed Name

_____
Address

_____
Individual or Entity Represented